No. 14-1952

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

PEDRO LOPEZ, individually and on behalf of a class of
individuals similarly situated; ABEL CANO, individually and on
behalf of a class of individuals similarly situated; KEVIN
SLEDGE, individually and on behalf of a class of individuals
similarly situated; CHARLES DEJESUS, individually and on behalf
of a class of individuals similarly situated; RICHARD BROOKS,
individually and on behalf of a class of individuals similarly
situated; THE MASSACHUSETTS HISPANIC LAW ENFORCEMENT
ASSOCIATION, individually and on behalf of a class of
individuals similarly situated; ROBERT ALVAREZ, individually and
on behalf of a class of individuals similarly situated; SPENCER
TATUM, individually and on behalf of a class of individuals
similarly situated; SHUMEAND BENFOLD, individually and on behalf
of a class of individuals similarly situated; ANGELA WILLIAMS-
MITCHELL, individually and on behalf of a class of individuals
similarly situated; GWENDOLYN BROWN, individually and on behalf
of a class of individuals similarly situated; LYNETTE PRAILEAU,
individually and on behalf of a class of individuals similarly
situated; TYRONE SMITH, individually and on behalf of a class of
individuals similarly situated; EDDY CRISPIN, individually and
on behalf of a class of individuals similarly situated; DAVID E.
MELVIN, individually and on behalf of a class of individuals
similarly situated; STEVEN MORGAN, individually and on behalf of
a class of individuals similarly situated; WILLIAM E. IRAOLO,
individually and on behalf of a class of individuals similarly
situated; JOSE LOZANO, individually and on behalf of a class of
individuals similarly situated; COURTNEY A. POWELL, individually
and on behalf of a class of individuals similarly situated;
JAMES L. BROWN, individually and on behalf of a class of
individuals similarly situated; GEORGE CARDOZA, individually and
on behalf of a class of individuals similarly situated; LARRY
ELLISON, individually and on behalf of a class of individuals
similarly situated; DAVID SINGLETARY, individually and on behalf
of a class of individuals similarly situated; CHARISSE BRITTLE
POWELL, individually and on behalf of a class of individuals

similarly situated; CATHENIA D. COOPER-PATERSON, individually
and on behalf of a class of individuals similarly situated;
MOLWYN SHAW, individually and on behalf of a class of
individuals similarly situated; LAMONT ANDERSON, individually
and on behalf of a class of individuals similarly situated;
GLORIA KINKEAD, individually and on behalf of a class of
individuals similarly situated; KENNETH GAINES, individually and
on behalf of a class of individuals similarly situated; MURPHY
GREGORY, individually and on behalf of a class of individuals
similarly situated; JULIAN TURNER, individually and on behalf of
a class of individuals similarly situated; NEVA GRICE,
individually and on behalf of a class of individuals similarly
situated; DELORES E. FACEY, individually and on behalf of a
class of individuals similarly situated; LISA VENUS,
individually and on behalf of a class of individuals similarly
situated; RODNEY O. BEST, individually and on behalf of a class
of individuals similarly situated; KAREN VANDYKE, individually
and on behalf of a class of individuals similarly situated;
ROBERT C. YOUNG, individually and on behalf of a class of
individuals similarly situated; ROYLINE LAMB, individually and
on behalf of a class of individuals similarly situated; LYNN
DAVIS, individually and on behalf of a class of individuals
similarly situated; JAMES A. JACKSON, individually and on behalf
of a class of individuals similarly situated; JUAN ROSARIO,
individually and on behalf of a class of individuals similarly
situated; LOUIS ROSARIO, JR. , individually and on behalf of a
class of individuals similarly situated; OBED ALMEYDA,
individually and on behalf of a class of individuals similarly
situated; DEVON WILLIAMS, individually and on behalf of a class
of individuals similarly situated; JULIO TOLEDO, individually
and on behalf of a class of individuals similarly situated,

*Plaintiffs-Appellants,*

v.

MARISOL NOBREGA, individually and on behalf of a class of
individuals similarly situated,

*Plaintiff,*

v.

CITY OF LAWRENCE, MASSACHUSETTS; CITY OF METHUEN, MASSACHUSETTS; COMMONWEALTH OF MASSACHUSETTS; PAUL DIETL, in his capacity as Personnel Administrator for the Commonwealth of Massachusetts; JOHN MICHAEL SULLIVAN, in his capacity as Mayor of the City of Lawrence, Massachusetts; WILLIAM MANZI, III, in his capacity as Mayor of the City of Methuen, Massachusetts; APPOINTING AUTHORITY FOR THE CITY OF LOWELL; MICHAEL O'BRIEN, in his capacity as City Manager for the City of Worcester, Massachusetts; CITY OF BOSTON, MASSACHUSETTS; CITY OF SPRINGFIELD, MASSACHUSETTS; DOMENIC J. SARNO, JR., in his capacity as Mayor for City of Springfield, Massachusetts; MASSACHUSETTS BAY TRANSPORTATION AUTHORITY; DANIEL GRABAUSKAS, in his capacity as General Manager; BOARD OF TRUSTEES FOR THE MASSACHUSETTS BAY TRANSPORTATION AUTHORITY,

*Defendants-Appellees,*

and

WILLIAM F. MARTIN, in his capacity as Mayor for the City of Lowell, Massachusetts; KONSTANTINA B. LUKES, in her capacity as Mayor of the City of Worcester, Massachusetts,

*Defendants.*

---

*On Appeal from a Judgment of the United States District Court of Massachusetts*

*Case No. 07-11693*
*The Honorable George A. O'Toole, Jr.*

---

BRIEF OF THE DEFENDANTS-APPELLEES CITY OF LAWRENCE AND JOHN MICHAEL SULLIVAN

---

COUNSEL FOR THE DEFENDANTS-APPELLEES

Raquel D. Ruano
C.A.B. # 1153249
OFFICE OF THE CITY ATTORNEY
200 COMMON STREET, SUITE 306
LAWRENCE, MA 01840
978-620-3030
RRuano@cityoflawrence.com

Charles D. Boddy
C.A.B. # 6963
OFFICE OF THE CITY ATTORNEY
200 COMMON STREET, SUITE 306
LAWRENCE, MA 01840
978-620-3030
CBoddy@cityoflawrence.com

DATED: June 17, 2015

Case: 14-1952    Document: 87    Page: 4    Date Filed: 06/17/2015    Entry ID: 5915911

**Corporate Disclosure Statement**


Pursuant to Federal Rule of Appellate Procedure 26.1, the Defendant-Appellee, City of Lawrence, states that it is a municipality located within the Commonwealth of Massachusetts, without any parent corporation, that it has issued no stock, and that there is no publicly held corporation that owns any such stock.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..........................................2

STATEMENT OF ISSUES...........................................4

STATEMENT OF THE CASE.........................................4

STATEMENT OF RELEVANT FACTS...................................5

SUMMARY OF ARGUMENT...........................................7

ARGUMENT......................................................7

   I.    THE DISTRICT COURT PROPERLY CONCLUDED THAT THE PLAINTIFF-
       APPELLANTS' STATISTICAL EVIDENCE IS INSUFFICIENT TO
       ESTABLISH THE REQUISITE PRIMA FACIE CASE OF DISPARATE
       IMPACT................................................7

       A. THE DISTRICT COURT CORRECTLY APPLIED THE FOUR-FIFTHS
          RULE AND PROPERLY CONCLUDED THAT THE ADVERSE IMPACT
          RATIO IS NOT STATISTICALLY SIGNIFICANT...............8

       B. PLAINTIFF-APPELLANTS' ATTEMPT TO AGGREGATE DATA RUNS
          CONTRARY TO FUNDAMENTAL PRINCIPLES OF DISPARATE IMPACT
          LAW..................................................13

   II.   THE CITY OF LAWRENCE CANNOT BE HELD LIABLE UNDER TITLE
       VII FOR UTILIZING THE STATEWIDE CIVIL SERVICE TESTING
       REGIME FOR PROMOTIONS TO SERGEANT.....................14

CONCLUSION...................................................15

CERTIFICATE OF COMPLIANCE....................................17

CERTIFICATE OF SERVICE.......................................18

# TABLE OF AUTHORITIES

**CASES**                                                                                          **PAGE**

Boston Police Officers Federation v. City of Boston, 147 F. 3d
13 (1st Cir. 1998).........................................10

Bradley v. City of Lynn, 443 F. Supp. 2d 145 (D. Mass.
2006).................................................8, 10, 12

Camacho v. Puerto Rico Ports Auth., 369 F.3d 570 (1st Cir.
2004).....................................................14

Gregory v. Ashcroft, 501 U.S. 452 (1991)....................15

Griggs v. Duke Power Co., 401 U.S. 424 (1971)...............10

Hazelwood School Dist. V. U.S., 433 U.S. 299 (1977)..........12

Int' Bros. of Teamsters v. United States, 431 U. S. 324 (1977).9

Jones v. City of Boston 752 F.3d 38 (1st Cir. 2014)...........9

Langlois v. Abington Housing Auth., 207 F. 3d 43 (1st Cir.
2000).....................................................10

Paige v. California, 291 F.3d 1141 (9th Cir. 2002)...........13

Ricci v. DeStefano, 557 U.S. 557, 558-562 (2009)..............10

Smith v. Xerox Corp., 196 F.3d 358 (2nd Cir. 1999).............9

United States v. Bass, 404 U.S. 336 (1971)....................15

Watson v. Fort Worth Bank & Trust, 487 U.S. 977 (1988)..8, 9, 12

**STATUTES**

29 C.F.R. § 1607.4(D).........................................10

42 U.S.C. §§ 2000e......................................4, 14

M.G.L. c. 31.................................................15

M.G.L. c. 151B...............................................4

**REGULATIONS**

Adoption of Questions and Answers to Clarify and Provide a
Common Interpretation of the Uniform Guidelines on Employee
Selection Process, 44 Fed.Reg. 11,996 (1979)..................11

## STATEMENT OF ISSUES

1. The district court correctly determined that the Lawrence plaintiffs failed to prove a prima facie case of adverse impact under Title VII and M.G.L. c. 151B against the City of Lawrence for the sergeant's promotional exams of 2006 and 2008.

2. The City of Lawrence cannot be held liable under Title VII for utilizing the state-wide civil service testing regime for promoting its officers.

## STATEMENT OF THE CASE

### I.   PROCEDURAL HISTORY

This case was originally filed by several police officers on September 11, 2007, and the City of Lawrence was an original defendant.  (R.25). Over time, the Complaint was amended six (6) times in order to add new plaintiffs and defendants.  (R.48, 62-74).  The Complaint alleged two counts: disparate impact race discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e) et seq. (Count I), and disparate impact race discrimination under Massachusetts law, M.G.L. c. 151B (Count II). (R. 63-67, 73).

The case proceeded to a bench trial before the district court (O'Toole, J.) as against the Massachusetts Bay Transportation Authority ("MBTA") and six (6) Massachusetts municipalities: Boston, Lawrence, Lowell, Methuen, Springfield, and Worcester.

4

(R. 49-56, 67-68, 73, 140-2542).  The trial lasted eighteen (18)

days over a period between July 12, 2010, and September 17,

2010.  (R. 49-56, 140-2542).  On September 5, 2014, the district

court issued its Finding of Facts, Conclusions of Law, and Order

for Judgment.  (R. 89-135).  The Court concluded, inter alia,

that the City of Lawrence was entitled to judgment in its favor.

(R.136). The Plaintiffs filed their notice of appeal on

September 9, 2014. (R. 138).

## II.   STATEMENT OF THE FACTS

With respect to the City of Lawrence, this case was brought by

three (3) minority (black and Hispanic) police officers[1]

("Lawrencian Plaintiffs").  (R.1, 62-74).  These three (3)

Plaintiffs took either the 2006 or 2008 police sergeants'

examination that was constructed, designed, and administered by

the Commonwealth of Massachusetts Human Resources Division

("HRD").  (R. 63-67, 97).  Each of these exams consisted of two

elements: a written, closed book exam consisting of eighty (80)

multiple-choice questions, and an education and experience

("E&E") rating, which accounts for a candidate's prior

employment and academic coursework.  (R. 305-306, 2556).  The

written exam accounted for eighty percent (80%) of the final

---

[1] Since the filing of this lawsuit, only Plaintiff Richard Brooks
remains employed by the City of Lawrence.  The City of Lawrence
terminated the other two Lawrence Plaintiffs, Pedro J. Lopez and
Kevin Sledge, after they were criminally convicted on separate
charges unrelated to this lawsuit.

score and the E&E component accounted for the remaining twenty percent (20%). (R.305-306, 2556). The 2006 test passing score was a seventy (70) out of one hundred (100) while the 2008 test passing score was sixty-four (64) out of one hundred (100). (R. 324, 2695, 2715). If a candidate passed the examination, he was then ranked by score on the HRD list of qualified candidates for his municipality. (R. 307-308). The City of Lawrence was then given a list of candidates, without any other information, using the 2n+1 rule. (R. 308). This rule meant that for any number of vacancies ("n"), the list would contain 2n+1 names from which the City of Lawrence could select. As an example if there were 3 vacancies, HRD would send to the City of Lawrence a list of the top scoring 7 candidates.

Of all the tests offered by HRD, the only two that were taken by the Lawrencian Plaintiffs were the 2006 and 2008 test. (R.113-114). In the 2006 test, forty-six (46) City of Lawrence officers took this test. Of these forty-six (46), thirty-six (36) were non-minority test takers and ten (10) were minority test takers. (R.113-114). Based on the scores of the 2006 test, three (3) appointments were made and they were all for non-minority candidates. (R.113-114). In the 2008 test, forty-two (42) City of Lawrence officers took this test. (R.113-114). Of these forty-two (42), twenty-seven (27) were non-minority test takers and fifteen (15) were minority test takers. (R.113-

6

114). Based on the scores of the 2008 test, only one (1)
appointment was made and it was for a non-minority candidate.
(R.113-114).

**SUMMARY OF ARGUMENT**

The order from the district court must be affirmed as the
Plaintiffs cannot show clear reversible error of law in the
lower court's decision that the Plaintiffs failed to establish a
prima facie case of disparate impact against the City of
Lawrence.  Moreover, judgment in favor of the City is
appropriate as the City cannot be liable under Title VII for
utilizing a state-wide regime for the promotion of its officers.

**ARGUMENT**

**I.   THE DISTRICT COURT PROPERLY CONCLUDED THAT THE PLAINTIFF-
      APPELLANTS' STATISTICAL EVIDENCE IS INSUFFICIENT TO
      ESTABLISH THE REQUISITE PRIMA FACIE CASE OF DISPARATE
      IMPACT.**

Plaintiff-Appellants' disparate impact claim cannot proceed
because, as the district court astutely recognized, their prima
facie case fails the four-fifths test.  (R. 144).  Furthermore,
the district court properly did not aggregate the state-wide
data as the City of Lawrence can only make appointments from the
officers already employed by the City of Lawrence Police
Department. (R. 106).  Finally, the Plaintiff-Appellants did not
present any other Lawrence-specific evidence with respect to any

7

alleged discrimination. (R.1474-1483).  With these plethora of
deficiencies, the Plaintiff-Appellants cannot sustain a claim
for disparate impact.

> A. THE DISTRICT COURT CORRECTLY APPLIED THE FOUR-FIFTHS
>    RULE AND PROPERLY CONCLUDED THAT THE ADVERSE IMPACT
>    RATIO IS NOT STATISTICALLY SIGNIFICANT.

As the Plaintiff-Appellants' alleged discrimination
evidence against the City of Lawrence was not statistically
significant, the district court correctly determined that the
Plaintiff-Appellants had not established a prima facie case
against Lawrence for disparate impact discrimination.
Plaintiff-Appellants must "establish [their] prima facie case of
disparate impact discrimination by proffering statistical
evidence which reveals a disparity substantial enough to raise
an inference of causation," such that "it cannot be accounted
for by chance." Bradley v. City of Lynn, 443 F. Supp. 2d 145,
157-58 (D. Mass. 2006). No "rigid mathematical formula" has
defined this formulation, but the Supreme Court "ha[s]
consistently stressed that statistical disparities must be
sufficiently substantial that they raise such an inference of
causation." Watson v. Fort Worth Bank & Trust, 487 U.S. 977,
994-995 (1988)("we have not suggested that any particular number
of 'standard deviations' can determine whether a plaintiff has
made out a prima facie case"). The statistical evidence must be
"of a kind and degree sufficient to show that the practice in

question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group." Id. at 994.

The Supreme Court has explained, "a case-by-case approach properly reflects [its] recognition that statistics 'come in infinite variety, and . . . their usefulness depends on all of the surrounding facts and circumstances.' " See Watson, supra at 1000, n.3, quoting Int' Bros. of Teamsters v. United States, 431 U. S. 324 (1977). Despite Plaintiff-Appellants' assertions to the contrary, courts "have considered both the four-fifths rule and standard deviation calculations in deciding whether a disparity is sufficiently substantial to establish a prima facie case of disparate impact," and have determined further that "there is no one test that always answers the question." Smith v. Xerox Corp., 196 F.3d 358 (2nd Cir. 1999); Watson, supra at 1000 n.3; Jones v. City of Boston, 752 F.3d 38, 52 (1st Cir. 2014).

> 1.   Plaintiff-Appellants' Challenge to The Four-
>       Fifths Rule Misses The Mark.

Given Plaintiff-Appellants' own expert's damaging admission that the evidence against the City of Lawrence is not statistically significant (R. 1474-1483)), it is not surprising then that Plaintiff-Appellants seek to attack the four-fifths rule. However, Plaintiff-Appellants fail to recognize that

9

courts throughout the First Circuit and other jurisdictions have consistently employed the rule. See Langlois v. Abington Housing Auth., 207 F. 3d 43, 50 (1st Cir. 2000); Boston Police Officers Federation v. City of Boston, 147 F. 3d 13, 15 (1st Cir. 1998); Bradley, supra, 443 F. Supp. 2d at 161. Moreover, the U.S. Supreme Court recently cited to the four-fifths rule with approval in Ricci v. DeStefano, where the Court utilized the four-fifths rule to analyze whether the results of a firefighter examination evidenced disparate impact. Ricci v. DeStefano, 557 U.S. 557, 558-562 (2009).

The Equal Employment Opportunity Commission's ("EEOC") has established by regulation that the four-fifths rule functions as an appropriate measure for examining disparate impact. 29 C.F.R. § 1607.4(D). The Supreme Court, in fact, pronounced its support for the EEOC's Guidelines[2] for Testing Procedures as far back as Griggs v. Duke Power Co., 401 U.S. 424, 434 (1971). In pertinent part, the rule provides as follows:

> A selection rate for any race, sex, or ethnic group which is less than four-fifths (4/5) (or eighty percent) of the rate for the group with the highest rate will generally be regarded ... as evidence of adverse impact, while a greater than four-fifths rate will generally not be regarded ... as evidence of adverse impact.

29 C.F.R. § 1607.4(D) (emphasis added).

---

[2] The EEOC's "Uniform Guidelines on Employee Selection Procedures" will be referred herein as "EEOC Guidelines" or "Guidelines."

Moreover, the EEOC has also issued guidance when using the four-fifth rule with small numbers.  See Questions and Answers on the Federal Executive Agency Guidelines on Employee Selection Procedures, 44 Fed.Rg. 11,996 (1979).  In the Guidelines, the EEOC recognizes the problem of the "shift of one":

> If the numbers of persons and the difference in selections rates are so small that it is likely that the difference could have occurred by chance, the federal agencies will not assume the existence of adverse impact, in the absence of other information…  Generally, it is inappropriate to require validity evidence or to take enforcement action where the number of persons and the difference in selection rates are so small that the selection of one different person for one job would shift the result from adverse impact against one group to a situation in which that group has the higher selection rate that the other group.

Id.

In the present case, the Plaintiff-Appellants' own experts admitted that, although they claimed to follow the EEOC Guidelines, they did not use the "shift-of-one" analysis as it did not help the Plaintiff-Appellants' case.  (R. 1477-1479).  The experts went on to admit that they had no other Lawrence-specific evidence. (R. 1479-1480).  The district court, however, correctly applied the four-fifths rule with its corresponding "shift-of-one" analysis to the City of Lawrence's small sample size and found that there was not statistical significance in the adverse impact ratio for any of the two (2) years in question.  (R. 114).  Given that deference must be given to the

11

district court's findings of statistical evidence, this Court should uphold the district court's finding in favor of the City of Lawrence.   Hazelwood School Dist. v. U.S., 433 U.S. 299, 312(1977).

> 2.   It Is Undisputed That Plaintiff-Appellants'
> Evidence Passes The Four-Fifths Rule.

Here, even by Plaintiff-Appellants' own expert's admission, application of the four-fifths rule does not establish disparate impact. (R. 1476-1477). Utilizing the four-fifths rule establishes unequivocally that there is no significant disparity "of a kind and degree sufficient" to sustain Plaintiff-Appellants' disparate impact claim. See Watson, supra at 995. Appellants' statistical evidence is such that it is likely the result of chance. Watson, supra at 992; see also Bradley, supra, 443 F. Supp. 2d at 157-58.

The undisputed record demonstrates that over the range of the two years in which the sergeants' promotional test was taken, the adverse impact ratio for both years in Lawrence was zero percent (0%).  (R. 4858).  Further, employing the shift-of-one analysis, the evidence showed that the adverse impact ratio for 2006 was 2.0 and satisfied the four-fifths rule.  (R. 114, 4858).  Accordingly, the district court properly concluded that Plaintiff-Appellants could not establish a prima facie case.

B.   PLAINTIFF-APPELLANTS' ATTEMPT TO AGGREGATE DATA RUNS
     CONTRARY TO FUNDAMENTAL PRINCIPLES OF DISPARATE IMPACT
     LAW.

Given that the City of Lawrence can only promote from those it
already employs, the district court correctly dismissed any
argument by the Plaintiff-Appellants that the court aggregate
the statewide data to establish a prima facie case of disparate
impact.  Plaintiff-Appellants have standing to challenge the
alleged discriminatory promotional practices that affect them.
See Paige v. California, 291 F.3d 1141, 1146 (9th Cir. 2002).
In a police promotional setting, only the practices of their
employer can affect them.  Id.

As the Plaintiff-Appellants seek to impose liability on the
City of Lawrence for any alleged statewide discrimination, it
was not clear reversible error when the district court
disregarded aggregating data.  First, the district court found
that the City of Lawrence can only promote from within its
ranks.  (R. 106).  Second, there was no evidence before the
district court that the composition of the each of the
municipalities' pools of minority sergeant candidates was the
same.  (R. 106).  Third, there was no evidence of how variations
in original selection procedures and subsequent in-service
training affected the results in the promotional exams.  (R.
106).  Therefore, the Plaintiff-Appellants' attempt to
aggregate data, although permissible under the EEOC Guildelines,

from across the state did not offer any more relevant Lawrence information to make out their prima facie case for disparate impact.

Given such results, Plaintiff-Appellants failed to establish a sufficient statistical disparity and the district court properly found in favor of the City of Lawrence.

## II.  THE CITY OF LAWRENCE CANNOT BE HELD LIABLE UNDER TITLE VII FOR UTILIZING THE STATEWIDE CIVIL SERVICE TESTING REGIME FOR PROMOTIONS TO SERGEANT.

While Lawrence is an employer subject to Title VII's prohibitions, Title VII does not make it unlawful for Lawrence to comply with the Commonwealth's state wide testing requirements at issue.

In the present case, the HRD promotional examinations were conducted *outside of an employment context* and do not give rise to a cause of action under Title VII, as that statute prohibits an "employer" from engaging in specified "unlawful employment practice[s]." 42 U.S.C. 2000e-2(a).  As other courts have recognized, Title VII does not restrict a sovereign's exercise of its traditional police powers, including promulgating and enforcement of testing requirements, in a non-employment capacity.  See Camacho v. Puerto Rico Ports Auth., 369 F.3d 570, 578 (1st Cir. 2004)(noting "long line of cases" holding that testing authorities are not subject to Title VII).  Because nothing in Title VII manifests a clear intent to impose further

14

restrictions on the states' exercise of their sovereign police power to test or license professionals including police officers, Title VII should not be read to intrude on such matters of core state authority.  See <u>United States v. Bass</u>, 404 U.S. 336, 349 (1971); c.f. <u>Gregory v. Ashcroft</u>, 501 U.S. 452, 460-461 (1991)(holding that Congress's intent "to alter the usual constitutional balance between the States and the Federal Government" must be "unmistakably clear in the language of the statute")(citation omitted).

It is undisputed that the City of Lawrence did not devise and did not administer the promotional examination in question. Therefore, the City is an employer that must comply with the state civil service law (M.G.L. c. 31) that requires it to promote from the eligibility lists promulgated by HRD. The City thus acted *only* as the Lawrencian plaintiffs' employer, not as a testing body. It should not be liable under Title VII for complying with a facially-neutral state civil service testing regime that limits the universe of potential employees to those who have complied with the Commonwealth's requirements.

## CONCLUSION

For all the foregoing reasons, the decision of the district court should be affirmed.

DEFENDANTS-APPELLEES,

CITY OF LAWRENCE AND ITS MAYOR

By their Attorneys


 /s/ Raquel D. Ruano
Raquel D. Ruano, C.A.B. # 1153249
Charles D. Boddy, C.A.B. #6963
Office of the City Attorney
200 Common Street, Suite 306
Lawrence, MA  01840
Tel: (978)-620-3030
Fax: (978)-722-9150

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(A)</u>

1.  This brief complies with the type-volume limitation of
    Fed.R.App.P. 32(a)(7)(b) because this brief contains
    2,609 words, excluding the parts of the brief exempted by
    Fed.R.App.P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirement of
    Fed.R.App.P. 32(a)(5) and the type style requirements of
    Fed.R.App.P. 32(a)(6) because this brief has been
    prepared in a monospaced typeface using Microsoft Office
    Word with Courier New, 12-point type space.

DEFENDANTS-APPELLEES,

CITY OF LAWRENCE AND ITS MAYOR

By their Attorney


  /s/ Raquel D. Ruano

Raquel D. Ruano, C.A.B. #1153249
Office of the City Attorney
200 Common Street, Suite 306
Lawrence, MA  01840
Tel: (978)-620-3030
Fax: (978)-722-9150

Date:    June 17, 2015

*CERTIFICATE OF SERVICE*

        I hereby certify that on June 17, 2015, I electronically
filed the foregoing brief with the United States Court of
Appeals for the First Circuit by using the CM/ECF system.  I
certify that the following parties are registered as ECF filers
and that the will be served by the CM/ECF system:

Harold Lichten
Benjamin Weber
Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite
2000
Boston, MA 02116

Stephen Churchill
Fair Work, P.C.
192 South Street, Suite 450
Boston, MA 02111

Kerry Regan Jenness
City of Methuen
Office of the City Solicitor
41 Pleasant Street, Suite 311
Methuen, MA 01844

Iraida J. Alvarez
Robert Lawrence Quinan, Jr.
Sookyoung Shin
MA Attorney General's Office
1 Ashburton Place, 20th Floor
Boston, MA 02108

Rachel Brown
Shapiro Haber & Urmy, LLP
Seaport East
2 Seaport Lane
Boston, MA 02210

Christine O'Connor
City of Lowell
375 Merrimack Street, 3rd Fl
Lowell, MA 01852

Joshua Coleman
Tim Norris
Collins, Loughran & Peloquin,
P.C.
320 Norwood Park South
Norwood, MA 02062

Kay Hodge
John Matthew Simon
99 High Street, Suite 1601
Boston, MA 02201

Susan Weise
Lisa Skehill Maki
City of Boston Law Department
One City Hall Plaza
Room 615
Boston, MA 02201

Robert Morris
Morgan, Brown & Joy LLP
200 State Street, 11th Floor
Boston, MA 02109

Harry Carroll
John Thomas Liebel
Edward Pikula
Anthony Wilson
City of Springfield Law
Department
36 Court Street
Springfield, MA 01103

Kevin Sean McDermott
MBTA Law Department
10 Park Plaza, Suite 7760
Boston, MA 02116

Case: 14-1952  Document: 87  Page: 23  Date Filed: 06/17/2015  Entry ID: 5915931

James F. Kavanaugh Jr
Christopher Sweeney
Conn Kavanaugh Rosenthal
Peish & Ford LLP
10 Post Office Square
Boston MA 02109


   /s/ Raquel D. Ruano
_____

Raquel D. Ruano