IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

_____

No. 14-1952

PEDRO LOPEZ, et al.

Plaintiffs-Appellants

v.

CITY OF LAWRENCE, et al.

Defendants-Appellees

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
DISTRICT COURT NO. 07-11693-GAO
(HON. GEORGE A. O'TOOLE, JR.)

_____

MOTION OF THE UNITED STATES TO PARTICIPATE IN ORAL
ARGUMENT AS AMICUS CURIAE SUPPORTING
PLAINTIFFS-APPELLANTS

_____

The United States of America, which has filed a brief as amicus curiae in this appeal, respectfully seeks leave to participate in oral argument in this case under Rule 29(g) of the Federal Rules of Appellate Procedure. In support of this motion, the United States provides the following.

1. The United States filed a brief as amicus curiae supporting plaintiffs-appellants in this appeal on March 6, 2015.

2.  This Court has scheduled argument in this appeal for October 7, 2015, in Boston.

3.  This appeal presents important questions regarding the application of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*, to law enforcement promotion practices that have a disparate impact on the basis of race or ethnicity.  Under Title VII, once a plaintiff demonstrates that a particular employment practice has a disparate impact, the employer must show that "the challenged practice is job related  *  *  *  and consistent with business necessity." 42 U.S.C. 2000e-2(k)(1)(A)(i).  In its amicus brief, the United States addressed two questions:  first, whether the district court erred in analyzing whether promotion exams used to select police sergeants in Boston, which had a conceded disparate impact, were "job related" and "consistent with business necessity" and were therefore "valid" for the selection process; and second, whether the district court erred in assessing statistical evidence presented by plaintiffs-appellants to establish a prima facie case of disparate impact against the non-Boston jurisdictions, which used promotion exams substantially similar to those used by Boston.

4.  The United States has a substantial interest in the resolution of these questions.  The Attorney General enforces Title VII against public employers, 42 U.S.C. 2000e-5(f)(1), and the Equal Employment Opportunity Commission enforces the statute against private employers, 42 U.S.C. 2000e-5(a) and (f)(1).  In

addition, Title VII applies to the United States in its capacity as the Nation's largest employer.  42 U.S.C. 2000e-16.

5.  The United States believes that its views will be helpful to the Court in resolving this case.

6.  Counsel for plaintiffs-appellants consents to the participation of the United States in oral argument.  Additionally, counsel for plaintiffs-appellants has agreed to cede a portion of their argument time to the United States.

WHEREFORE, for the reasons stated above, the United States respectfully requests leave to participate in oral argument.

Respectfully submitted,

P. DAVID LOPEZ
  General Counsel

VANITA GUPTA
  Principal Deputy Assistant
    Attorney General

s/ Bonnie I. Robin-Vergeer

JENNIFER S. GOLDSTEIN
  Associate General Counsel
  Appellate Services

  Equal Employment Opportunity
  Commission
  131 M Street N.E.
  Washington, DC 20507
  (202) 663-4733

SHARON M. MCGOWAN
BONNIE I. ROBIN-VERGEER
  Attorneys
  Department of Justice
  Civil Rights Division
  Appellate Section
  Ben Franklin Station
  P.O. Box 14403
  Washington, DC 20044-4403
  (202) 353-2464

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2015, I electronically filed the

foregoing MOTION OF THE UNITED STATES TO PARTICIPATE IN ORAL

ARGUMENT AS AMICUS CURIAE SUPPORTING PLAINTIFFS-

APPELLANTS with the Clerk of the Court for the United States Court of Appeals

for the First Circuit using the appellate CM/ECF system.

I further certify that all participants in this case are registered CM/ECF users

and that service will be accomplished by the appellate CM/ECF system.


s/ Bonnie I. Robin-Vergeer
BONNIE I. ROBIN-VERGEER
 Attorney