# STONEMAN, CHANDLER & MILLER LLP

99 HIGH STREET
BOSTON, MASSACHUSETTS 02110

TELEPHONE (617) 542-6789

FACSIMILE (617) 556-8989

WWW.SCMLLP.COM

ALAN S. MILLER
CAROL CHANDLER
KAY H. HODGE
REBECCA L. BRYANT
COLBY C. BRUNT
GEOFFREY R. BOK
NANCY N. NEVILS

JOAN L. STEIN
JOHN M. SIMON
KATE CLARK
ANDREA L. BELL
KATIE A. MEINELT

MIRIAM K. FREEDMAN
OF COUNSEL

December 4, 2015

**By Electronic Filing**

Margaret Carter, Clerk of Court
United States Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 2500
Boston, MA 02210

   Re: *Lopez*, et al. *v. City of Lawrence*, et al.
     No. 14-1952

Dear Clerk Carter:

  Appellee City of Boston hereby responds to Appellants' Fed. R. App. P. 28(j) submission of Judge Young's decision in Smith v. City of Boston, No. 12-10291 (Nov. 16, 2015 D. Mass.). That decision, which is interlocutory and not yet subject to appeal, is wrongly decided. Further, depending on the First Circuit's rulings in Lopez, Judge Young's findings – many of which are directly opposed to Judge O'Toole's – may be significantly affected.

  The decision is particularly misleading in touting the City's multiple-component 2014 lieutenants exam as a preferred alternative to HRD's 2008 "paper and pencil" test. See Smith at 25-27, citing Callahan Affidavit (Trial Exh. 85). The decision completely ignores the fact that the 2014 exam resulted in far fewer blacks in high rank-order positions than the 2008 exam it strikes down. Compare Trial Exh. 85 (2014 exam resulted in one black candidate in top 50 – at number 29) with decision at 28 (2008 exam resulted in 33 promotions – 28 whites and five blacks). By invalidating the HRD test in favor of an exam that leads to fewer viable black candidates, the decision leaves the City in an untenable position, in contravention of Supreme Court precedent. See Texas Department of Housing and Community Affairs v. Inclusive Communities Project, 576 U.S. __, 135 S.Ct. 2507, 2518 (2015) ("…before rejecting a business justification – or, in the case of a governmental entity, an analogous public interest – a court must determine that a plaintiff has shown that there is 'an available alternative…practice that has less disparate impact and serves the [entity's] legitimate needs.'") (citing Ricci v. DeStefano, 557 U.S. 557, 578 (2009)). See also, decision at n.43 (rejecting Texas Department of Housing and Community Affairs' applicability).

STONEMAN, CHANDLER & MILLER LLP

For these reasons, as well as others that will be presented to this Court at the appropriate time, Judge Young's decision should not be given weight by this Court in <u>Lopez</u>.

Very truly yours,

*Kay H Hodge*

Kay H. Hodge

Case: 14-1952   Document: 00116926546   Page: 2   Date Filed: 12/04/2015   Entry ID: 5958756